# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PARSONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAG WEST, LLC, et al.<br><br>　　　　Defendants. | Case No.: 1:15-cv-00538 --- JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND ORDER STAYING THE CASE<br><br>(Doc. 15) |

　　　　Defendants moved the Court to remand the matter to arbitration and to either dismiss the matter or to stay it pending resolution at arbitration. (Doc. 12) Plaintiff filed his notice of non-opposition to the motion but requested the Court retain jurisdiction to enforce the judgment issued by the arbitrator.[1] (Doc. 17) Defendants oppose the Court retaining jurisdiction and assert that, should the need for enforcement of the arbitrator's decision arise in the future, the parties may "make use of the appropriate procedures at that time, if necessary." (Doc. 18 at 2)

　　　　The Federal Arbitration Act provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A party seeking to enforce arbitration agreement may petition the Court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

---

[1] In light of the notice of non-opposition, the hearing on the motion to compel arbitration is **VACATED**.

The Court's role in applying the FAA is "limited to determining whether a valid agreement to arbitrate exists and, if so, whether the agreement encompasses the dispute as issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). To determine whether an arbitration agreement encompasses particular claims, the Court looks to the plain language of the agreement, and "[i]n the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-86 (1960). Because the FAA "is phrased in mandatory terms," "the standard for demonstrating arbitrability is not a high one [and] a district court has little discretion to deny an arbitration motion." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991).

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). As a result, arbitration should only be denied when "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986). It is well-established that "arbitration provides a forum for resolving disputes more expeditiously and with greater flexibility than litigation." *Lifescan*, 363 F.3d at 1011.

Here, there is no dispute that the claims are subject to arbitration. (Doc. 17) The dispute concerns only whether this matter should be dismissed or stayed.[2] Notably, the arbitration agreement does not contain consent by both parties that the arbitration award be confirmed. This would weigh in favor of dismissal of the action. However, the parties have agreed the arbitration is binding. (Doc. 12-2 at 4) This confers power on the Court to confirm the award. *Stater Bros. Markets v. Int'l Bhd. of Teamsters, Local 63 ex rel. Lukenbill*, 2013 WL 3449761, at *2 (C.D. Cal. July 3, 2013). Likewise, the parties have agreed they will undergo arbitration according to the rules of AAA. Those rules permit confirmation of the award. "Employment Arbitration Rules and Mediation Procedures" Rule 42(c) ["Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction."]; *See Idea Nuova,*

---

[2]Under the FAA, the Court is authorized to the stay the matter.  9 U.S.C. § 3.

*Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 181 (2d Cir. 2010) [consent to AAA rules equates to consent for confirmation of the arbitration award]. These factors weigh in favor of staying the action.

Indeed, the Seventh Circuit has adopted the view that a stay is the most reasonable approach: "[I]t would be "wasteful" and inconsistent "with principles of judicial economy" for a court which has jurisdiction of the parties to be required to dismiss the parties, and to compel one of them to sue in another forum to enforce its award under § 9. In this case, identical reasoning leads to the conclusion that it is wasteful and uneconomical for the district court, which has jurisdiction of the parties, to dismiss them and compel one of them to sue in another forum to vacate an award under § 10." *Denver & Rio Grande W. R. Co. v. Union Pac. R. Co.*, 868 F. Supp. 1244, 1250 (D. Kan. 1994) aff'd, 119 F.3d 847 (10th Cir. 1997) and aff'd, 119 F.3d 847 (10th Cir. 1997) quoting *In re VMS Sec. Litig.,* 21 F.3d 139, 145 (7th Cir. 1994). The Court agrees.

**ORDER**

For these reasons, the Court **ORDERS**:

1. The motion to compel arbitration (Doc. 12) is **GRANTED**;
2. The matter is **STAYED** pending completion of the arbitration;
3. Every 120 days and no later than 30 days after the entry of the arbitrator's award, the parties **SHALL** file a joint statement setting forth the progress of the mediation.

IT IS SO ORDERED.

Dated:   **June 10, 2015**                      **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE